Rudy CRUZ–SANTOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73462.

Agency No. A76–256–795.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Lourdes Santos Tancinco, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Lyle Jentzer, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM**

Rudy Cruz–Santos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition for review.

Because Cruz–Santos did not meet his burden of persuasion that he was persecuted on account of an enumerated ground, he is ineligible for asylum. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

It follows that Cruz–Santos did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

The panel need not consider separately whether the BIA erred by streamlining Cruz–Santos's case because substantial evidence supports the IJ's denial of his application for relief. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir. 2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

**PETITION FOR REVIEW DENIED.**